**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **TYLER HENDERSON,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 20-cv-01076-SPM** |
| **WEXFORD HEALTH SOURCES, INC.,** **LORI CUNNINGHAM,** **TAMMY WELTY,** **KIMBERLY WOODS,** **MICHELLE GILLARD,** **CHRISTINE BROOKS,** [1] **and** **JOHN & JANE DOES,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Tyler Henderson commenced this suit by filing a Complaint alleging constitutional violations pursuant to 42 U.S.C. § 1983 (Counts I and II) and a state law claim for medical malpractice (Count III). (Doc. 1). Plaintiff claims he received inadequate medical treatment for his serious medical needs while incarcerated at Lawrence Correctional Center from April 2019 until January 2020. Pending before the Court is a Partial Motion for Summary Judgment filed by Defendants Wexford Health Sources, Inc. ("Wexford"), Tammy Welty, Kimberly Woods, Michele Gillard, and Christine Brooks. (Doc. 37). Also, before the Court is a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Lorie Cunningham. (Doc. 46). Plaintiff has filed responses in opposition to both motions. (Docs. 44, 47).

---

[1] Now that Defendants have identified their full and correct names in the pending motions, the Clerk of Court is directed to modify certain Defendants' names accordingly: Lori Cunningham ("L. Cunningham"), Kimberly Woods ("Kim Woods"), and Christine Brooks ("Chris Brooks"). (*See* Docs. 37, 46).

### SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 governs motions for summary judgment. "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012) (quoting FED. R. CIV. P. 56(a)). *Accord Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014). A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). *Accord Bunn v. Khoury Enterpr., Inc.*, 753 F.3d 676, 681-82 (7th Cir. 2014).

In assessing a summary judgment motion, a district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Donahoe*, 699 F.3d at 994; *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). As the Seventh Circuit has explained, as required by Rule 56(a), "we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving [him] the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in [his] favor." *Spaine v. Cmty. Contacts, Inc.,* 756 F.3d 542, 544 (7th Cir. 2014).

Defendants argue that they are entitled to partial summary judgment on Plaintiff's Count III, medical malpractice claim brought pursuant to Illinois state law, 735 ILCS 5/2-622, because Plaintiff has not complied with state statute and filed a certificate of merit along with his Complaint. (Doc. 37; Doc. 38, p. 5-6) (citing *Young v. United States,* 942 F. 3d 349 (7th Cir. 2019)). Section 2-622 requires the plaintiff to file with the complaint an affidavit of merit and report of a reviewing health professional opining that there is meritorious basis for bringing the action in medical malpractice suits. Furthermore, the statute provides that failure to file an affidavit is "grounds for dismissal." (Doc. 38, p. 3) (citing 735 ILCS 5/2-622(g)). Because Plaintiff did not

file an affidavit and report with the Complaint and has not filed them to date, Defendants contend they are entitled to summary judgment as to Count III.

The Seventh Circuit made clear in *Hahn v. Walsh* that Section 2-622 applies to malpractice litigation in federal court. 762 F. 3d 617, 633 (7th Cir. 2014). And in *Young v. United States,* the Seventh Circuit clarified that when a plaintiff failed to provide the required affidavit and report, the case was subject to summary judgment, rather than dismissal pursuant to Federal Rule of Civil Procedure 12. 942 F. 3d 349 (7th Cir. 2019). Specifically, the Seventh Circuit reasoned that "Section 5/2-622 applies in federal court to the extent that it is a rule of *substance*; but to the extent that it is a rule of *procedure* it gives way to Rule 8 and other doctrines that determine how litigation proceeds in a federal tribunal." *Id.* at 351. Rule 8 of the Federal Rules of Civil Procedure "does not require attachments [to the complaint]. . .supporting documents come later." *Id.* Therefore, because a "motion to dismiss asserts that the complaint is defective," a "complaint in federal court cannot properly be dismissed because it lacks an affidavit and report under §5/2-622." *Id.* Rather, dismissal for failure to provide the affidavit and report should occur on summary judgment, a motion which can be filed "at any time." *Id.* (citing FED. R. CIV. P. 56(b)). The Seventh Circuit noted that "a defendant may submit a motion with its answer and ask for the court to grant summary judgment because the plaintiff has not supplied the required affidavit and report." However, a district court may allow the nonmovant time to gather essential evidence. *Id.* at 351-52 (citing FED. R. CIV. P. 56(d)).

As suggested in *Young,* Defendants have filed a motion for summary judgment along with their Answer to the Complaint. However, the Court **DENIES** the motion at this time and will allow Plaintiff additional time "to gather essential evidence" and comply with the requirements of Section 2-622. *Id. See also Ingram v. Wexford Health Sources, Inc.,* 2021 WL 615034 at *7 (S.D. Ill. Feb. 17, 2021) (granting summary judgment where the plaintiff had been put on notice of the

need for an affidavit and report and did not attempt to comply). Plaintiff shall have until **May 31, 2021**, to file the requisite affidavit and report. After such time, Defendants may refile their motion for summary judgment, as needed.

### MOTION TO DISMISS

In the motion to dismiss, Defendant Lorie Cunningham argues that the Complaint must be dismissed as to her because Plaintiff has not put forth any allegations regarding her involvement in or knowledge of the events alleged in the Complaint. (Doc. 46, p. 3). Specifically, she is only mentioned once in the statement of facts regarding being provided notice that Plaintiff needed a catheter, but nothing about her conduct. Plaintiff has not even named her as a party to any of the claims outlined.

In response, rather than contest the motion to dismiss, Plaintiff requests leave to file an amended complaint, which will provide more detail of Defendant Cunningham's involvement in the medical treatment he received. Defendant Cunningham did not file a reply.

A party may amend it pleadings once as a matter of course within 21 days after service of a motion under 12(b). FED. R. CIV. P. 15(a). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). District courts have broad discretion to deny leave to amend when the moving party has acted with undue delay, bad faith, dilatory motive, or repeatedly failed to cure deficiencies; when amendment would be futile; or when it would cause the opposing party undue prejudice. *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011); *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Defendant Cunningham served a motion under Rule 12(b), and Plaintiff filed a response and requested leave to amend within 21 days of service of that motion, and so, he may amend as a matter of course. Although Plaintiff did not follow the Court's local rules and submit

Page 4 of 5

a proposed amended complaint, *see* SDIL-LR 15.1, "the pleading rules favor decision on the merits rather than technicalities." *Standard*, 658 F. 3d at 800-01. Consequently, the Court **GRANTS** Plaintiff's request to file an amended complaint to correct his pleadings. Plaintiff has until **April 15, 2021,** to file his amended pleadings. Defendant Cunningham's motion to dismiss is **DENIED as MOOT**. Defendants are, however, given leave to submit a new motion to dismiss after Plaintiff's amended pleadings have been filed.

      **IT IS SO ORDERED.**

      **DATED:   April 1, 2021**

                      *s/Stephen P. McGlynn*
                      **STEPHEN P. MCGLYNN**
                      **United States District Judge**