IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYLER HENDERSON,<br><br>    Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., *et al.*,<br><br>    Defendants. | Case No. 20-cv-01076-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion to appoint and substitute Tanya Henderson as Special Administrator of the Estate of Tyler Henderson. (Doc. 86). Plaintiff's Counsel has filed this motion informing the Court that Plaintiff Tyler Henderson died on July 17, 2020, and an estate has not been opened for him. Mr. Henderson's mother, Tanya Henderson, who had power of attorney for her son, wishes to continue this suit. Defendants do not oppose the motion.

Rule 25(a) of the Federal Rules of Civil Procedure provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

In accordance with the Rule 25, Mr. Henderson's Eighth Amendment claims of deliberate indifference (Counts 1 and 2) and his medical malpractice claim (Count 3) are not extinguished by his death, and the motion to substitute was timely filed. *See* 755 ILCS 5/27-6; *Bennet v. Tucker,* 827 F. 2d 63, 68 (7th Cir. 1987); *Anderson v. Romero,* 42 F. 3d 1121, 1123 (7th Cir. 1994); *Estrada v. Hamby*, No. 04-434-CJP, 2010 WL 333701, at *1 (S.D. Ill. Jan. 26, 2010) (observing that it "is settled that a civil rights claim brought under 42 U.S.C. § 1983 is a claim that survives under the

Illinois Survival Act, 755 ILCS 5/27-6"). That leaves the Court with the decision of whether Tanya Henderson is a "proper party" for the purpose of substitution and prosecuting Mr. Henderson's surviving claim. FED. R. CIV. P. 25(1)(1).

In making this determination, the Court looks to Illinois state law. *See Anderson,* 42, F. 3d at 1123 (the Seventh Circuit using state law to determine whether an individual is a "proper party" for substitution); *Tucker v. Mitchell-Lawshea,* No. 17 CV 05883, 2019 WL 1057384, at *3-4 (N.D. Ill. Mar. 6, 2019) (finding that the district court had the authority to appoint a special representative under Illinois law); *Wolter v. Anselmo Lindberg Oliver, LLC,* No. 16 C 4205, 2017 WL 11559026, at * 1 (N.D. Ill. Arp. 27, 2017) ("whether the proposed party is a 'proper party' is substantive, however, and is determined by state law"); *Mitchell v. LVNV Funding, LLC*, No. 12-CV-523-TLS, 2020 WL 614645, at *3 (N.D. Ind. Feb. 10, 2020) (recognizing that many courts in and outside this circuit "have held that state law should be used to resolve issues related to substitution"). Normally, the proper party is the "personal representative of the party who has died." *See Atkins v. City of Chi.,* 71 F. 3d 869, 870 (7th Cir. 2008). Under Illinois law, however, when "no petition for letters of office for the decedent's estate has been filed, the court may appoint a special representative for the deceased for the purpose of prosecuting the action." 735 ILCS 5/2-1008(b).

As discussed, Mr. Henderson died intestate, Tanya Henderson is the mother of the deceased, and no objections have been raised regarding her substitution. At this point, the Court finds no reason why she cannot be considered a proper party and serve as special representative. Accordingly, the motion is **GRANTED.** Pursuant to Federal Rule of Civil Procedure 25(a), Tanya Henderson, as special representative, is substitute as Plaintiff for Tyler Henderson, deceased, for the purpose of prosecuting this action.

**IT IS SO ORDERED.**

**DATED:   August 29, 2022**

                                                          *s/Stephen P. McGlynn*
                                                    **STEPHEN P. MCGLYNN**
                                                    **United States District Judge**